IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Shawn Michael Robinson,<br><br>                  Plaintiff,<br><br>vs.<br><br>PSO Brian Myers, Leonard Ramsey, Sabrina Wannamaker, PSO Robert Vic<br><br>                  Defendants. | Civil Action No.: 1:14-cv-2860-BHH<br><br>**ORDER AND OPINION** |

Plaintiff Shawn Michael Robinson ("Plaintiff"), proceeding *pro se*, filed this 42 U.S.C. § 1983 action alleging violations of his constitutional rights and a state law claim.[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Shiva V. Hodges, for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation ("R & R") which recommends that Defendants' motion for summary judgment be granted. (ECF No. 69.) Plaintiff filed timely objections to the Report and Recommendation (ECF No. 71). For the reasons set forth herein, the Court adopts the Report and Recommendation.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. Plaintiff filed this matter on July 17, 2014, alleging violations of his

---

[1] Plaintiff is currently in custody of the South Carolina Department of Mental Health ("SCDMH") under the provisions of the South Carolina Sexually Violent Predator Act ("SVPA"), S.C. Code Ann. § 44-48-10 et seq. He was committed to SCDMH on August 10, 2009.

1

constitutional rights and a state law claim.[2] (ECF No. 1.) Specifically, Plaintiff brings due process and equal protection claims under the Fourteenth Amendment, as well as claims for malicious prosecution and retaliation. (*Id.* at 7–9.) In addition, when liberally construing the pleadings, the Court finds Plaintiff has alleged a claim for civil conspiracy under South Carolina law.[3] (*Id.* at 8.)

On April 3, 2015, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 62.) After consideration of the response filed in opposition to the motion for summary judgment (ECF No. 66) and Defendants' reply (ECF No. 67), the Magistrate Judge issued a Report and Recommendation recommending that the motion for summary judgment be granted. (ECF No. 69.) The Court has reviewed the objections to the Report, but finds them to be without merit. Therefore, it will enter judgment accordingly.[4]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the

---

[2] Plaintiff's amended Complaint, submitted after Defendants filed their motion for summary judgment, does not differ substantively from Plaintiff's original Complaint. (ECF No. 22.) Accordingly, the Court cites to the original Complaint, ECF No. 1.
[3] The Complaint alleges that Defendant Sabrina Wannamaker "acted in concert with or on behalf of Defendants Myers, Vic, and Ramsey." (ECF No. 1 at 8.)
[4] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of the petitioner's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

After an extensive review of the facts and evidence, the Magistrate Judge recommended granting summary judgment on all of Plaintiff's claims. She first found that Plaintiff could not establish any excessive force claims based on his allegations concerning eight "incidents"—one that took place on January 3, 2014, and seven that occurred on February 6, 2014. (ECF No. 69 at 7–11.) To dispose of these claims, the Magistrate Judge relied in part on the video evidence submitted by Defendants, which refuted the majority of Plaintiff's excessive force allegations. (*Id.*) She found that the amount of force used by Defendants was objectively reasonable and that "Plaintiff has

3

provided no evidence that any greater use of force was used." (*Id.*) The Court has independently reviewed the video evidence and finds that it was correctly described by the Magistrate Judge and that no reasonable jury could, given the evidence, find that the amount of force used by Defendants was anything other than objectively reasonable.

The Magistrate Judge next found that Plaintiff's claims concerning his placement in solitary confinement failed because "Plaintiff has presented no evidence that Defendants were responsible for his placement on SMS [Administrative Secure Management Status] or TRR [Therapeutic Room Restriction]." (ECF No. 69 at 12.) The Complaint alleges that "Plaintiff was ordered to be punished by Defendant Myers and Vic; by-way of a PSO/SCDMH Disciplinary Hearing; Plaintiff was placed on solitary confinement in cell 101 for 72 hours [SMS] and put into solitary confinement in cell 119 for 90 days [TRR]." (ECF No. 1 at 6.)

Here, Defendants assert that Plaintiff's SMS placement complied with Sexually Violent Predator Treatment Program ("SVPTP") Policy and Procedure and therefore did not violate Plaintiff's due process rights. (ECF No. 62-1 at 7.) Pursuant to SVPTP Policy, administrative SMS is the "placement of a resident by Public Safety staff in the resident's room or observation room with door locked in either location. . . . Examples of reasons for this type of management are a single significant disruptive activity, history of verbal or physical threats or assault, . . . or an imminent risk of harm to resident or others." (ECF No. 62-6 at 6.) Defendants state that "Plaintiff was placed on SMS following Plaintiff's refusal to follow directives of officers, resisting prior restraint attempts by Myers and Vick, making threatening remarks to Myers, and later injuring himself by banging his head on

4

the cell door." (ECF No. 62-1 at 7.) These allegations are confirmed in part by the video evidence. Accordingly, based on SVPTP Policy provisions and the evidence in the record, the Court concludes that no reasonable jury could find that Plaintiff's placement in SMS violated his due process rights.

As for Plaintiff's TRR placement, the Court agrees with the Magistrate Judge that Defendants were not responsible for this placement. SVPTP Policy states that placement in TRR beyond 72 hours must be approved by the Licensed Prescribing Practitioner (LPP) and the resident's case manager. . . . Any other TRR status decisions must be made by the Behavior Management Committee ["BMC"]." (ECF No. 62-6 at 4.) The BMC held five hearings on Plaintiff's TRR placement between February 10, 2014, and March 31, 2014, during which time they placed Plaintiff in TRR. (ECF No. 62-7.) Defendants maintain that they were not on the BMC review team for Plaintiff's case and Plaintiff does not provide any evidence otherwise. Accordingly, the Court finds that Defendants were not responsible for Plaintiff's TRR placement and Plaintiff's solitary confinement claims therefore fail.

The Magistrate Judge next found that Plaintiff's claims related to the confiscation of his legal and religious materials failed because he did not present any evidence that Defendants were responsible for the temporary confiscation of such items. (ECF No. 69 at 13.) The Complaint alleges that "[t]he BMC took all of religious things, and legal things." (ECF No. 1 at 6.) As previously explained, Defendants were not part of the BMC that reviewed Plaintiff's case. Accordingly, they were not responsible for the confiscation of the aforementioned items and Plaintiff's claims in this regard therefore fail.

In addition, although not specifically discussed by the Magistrate Judge, the Court liberally construes the Complaint to allege an equal protection claim under the Fourteenth Amendment, as well as claims for malicious prosecution, retaliation, and civil conspiracy. (*Id.* at 7–9.) Upon *de novo* review, the Court finds that none of these claims survive summary judgment. First, Plaintiff cannot establish an equal protection claim because he has not provided any evidence that he was treated differently from others similarly situated. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."). Plaintiff further cannot establish a malicious prosecution claim because he has failed to allege any facts to support such a claim—Plaintiff was never charged with any crime or offense and his placement in SMS and TRR complied with SVPTP Policy and Procedure. *See Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005) ("In order for a plaintiff to state a section 1983 malicious prosecution claim for a seizure violative of the Fourth Amendment, we have required that the defendant have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.'" (quoting *Brooks v. City of Winston–Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996))).

Plaintiff's retaliation claim fails for similar reasons. He has not presented any facts that either a retaliatory act was taken in response to the exercise of a constitutionally protected right, or that an act itself violated such a right. *See Adams v. Rice*, 40 F.3d 72,

75 (4th Cir. 1994) (To establish a retaliation claim, "plaintiffs must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right"). Finally, Plaintiff's civil conspiracy claim fails for failure to produce direct or circumstantial evidence of conspiracy on the part of Defendants. *See First Union Nat. Bank of S.C. v. Soden*, 511 S.E.2d 372, 383 (S.C. Ct. App. 1998) ("In order to establish a conspiracy, evidence, either direct or circumstantial, must be produced from which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise.") Thus, the Magistrate Judge was correct in finding that Plaintiff has failed to allege any claims surviving summary judgment.

Notably, Plaintiff only specifically objects to the Magistrate Judge's disposition of the excessive force claims.[5] The Court has considered these objections *de novo* and finds them insufficient to reject the recommendations of the Magistrate Judge. Plaintiff first argues that the Magistrate Judge erred in finding that the January 3, 2014 incident was not excessive force because the video "supports" that Defendant Myers "did in fact punch [Plaintiff] on [his] spine." (ECF No. 71 at 2.) However, as observed by the Magistrate Judge, in the video Defendant Myers appears, at most, to lightly touch Plaintiff as he maneuvers around Plaintiff to reach the nurse's station. (ECF No. 69 at 7.) Further, Plaintiff makes no visible reaction to this contact in the video. (*Id.*) Accordingly,

---

[5] Plaintiff also objects that the Magistrate Judge erred in dismissing Defendant Leonard Ramsey ("Ramsey"), arguing that Ramsey "was involved . . . and my witness would put Ramsey in it." (ECF No. 71 at 2.) The Magistrate Judge recommended that Ramsey be dismissed based on Defendants' argument that Ramsey was not present during any incidents alleged in the Complaint. (ECF No. 69 at 1, n.2.) She found that Plaintiff's response to Defendants' motion for summary judgment did not dispute Defendants' assertion and, therefore, "Ramsey is entitled to dismissal." (*Id.*) Regardless of whether Ramsey should be dismissed for this reason, none of Plaintiff's claims survive summary judgment. Accordingly, the Court need not reach the issue of whether Ramsey is properly identified as a participant in the incidents alleged by Plaintiff.

the Court finds that Plaintiff's excessive force claim based on the January 3, 2014 incident cannot survive summary judgment—no reasonable jury could find that the amount of force used by Defendants was anything other than objectively reasonable. *See Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 276 (4th Cir. 2011) (stating that "when a video 'quite clearly contradicts the version of the story told by [the plaintiff] . . . so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment'").

Plaintiff next argues that his sexual assault by Defendant Myers on February 6, 2014, occurred off camera, "in front of Room 123/124." (ECF No. 71 at 2.) The Complaint alleges that "five persons were subduing Plaintiff on the floor" when Defendant Myers "pull[ed] Plaintiff's pants and underwear down and . . . rub[bed] his hand in Plaintiff's butt crack." (ECF No. 1 at 5.) The Defendants then "hand-cuffed . . . and put leg irons on Plaintiff and then pulled [him] . . . all the way (30 feet) to in front of cell 119." (Id. at 6.) Based on the chronology of these allegations, the Court believes that this incident can be partially seen on "Video B." Specifically, at 4:21:50, Plaintiff can be seen walking away from Cell 119, followed by three officers. About ten seconds later, a struggle ensues between Plaintiff and officers at the end of the hallway. The officers appear to pull Plaintiff to the floor and put him in restraints. At 4:24:00, the officers pick Plaintiff up off the ground and move him toward Cell 119—it is clear that Plaintiff is now in wrist restraints. At no point do Plaintiff's pants appear to be pulled down. Rather, it seems the struggle resulted from Plaintiff resisting the restraints. Upon review of the evidence in the record, including the video evidence, the Court cannot find a genuine issue of material

fact as to Plaintiff's allegations of sexual assault. Accordingly, this excessive force claim fails.

Finally, Plaintiff argues against the Magistrate Judge's reliance on the video evidence in general. He states that he "didn't walk to cell 101, [he] was cuffed behind [his] back and shackled, then picked up by the chains of the cuffs and shackled and carried to cell 101 about 70 feet." (ECF No. 71 at 1.) He then asks, "Where's the video footage of the time laps[e] in front of Room 119?" (*Id.*) The Court cannot discern what time lapse Plaintiff is referring to here. All of the alleged excessive force incidents occurring near Room 119 can be at least partially seen on video. Further, the Magistrate Judge did not find that Plaintiff walked to cell 101—rather, she recognized that "Video C" clearly shows officers "carrying Plaintiff by his arms, legs, and restraints to place him in room 101." (ECF No. 69 at 5.) In short, Plaintiff does not offer any compelling argument as to how the Magistrate Judge's analysis of the excessive force claims was improper.

Petitioner's remaining objections are only conclusory statements, meritless contentions, and arguments that the Magistrate Judge has already considered and rejected. And, because the Court agrees with the Magistrate's cogent analysis, it need not discuss Petitioner's claims for a second time here. Therefore, the Court overrules Petitioner's remaining objections.

## **CONCLUSION**

After careful consideration of the relevant motions, responses, and objections, the Court adopts the Report and Recommendation and incorporates it herein by specific reference to the extent consistent. It is, therefore, ORDERED that Defendants' Motion for

Summary Judgment (ECF No. 62) is GRANTED and Plaintiff's case is dismissed *with prejudice*.

**IT IS SO ORDERED.**

<u>/s/Bruce Howe Hendricks</u>
United States District Judge

Greenville, South Carolina
February 23, 2016